Filed 11/16/21  P. v. Sotogomez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C093752 |
| v. | (Super. Ct. No. 20CF06002) |
| OSCAR FRANCISCO SOTOGOMEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Oscar Francisco Sotogomez[1] asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

---

[1]  Defendant's surname is also sometimes spelled Soto-Gomez in the record. This opinion refers to defendant as Sotogomez, which is consistent with a majority of the documents in the record.

I

The factual background is derived from the probation report, which the parties stipulated to as the basis for defendant's plea.

In the early morning hours of November 26, 2020, defendant led officers on a high-speed vehicle chase after he failed to yield during a traffic stop initiated by Yuba City Police. During the chase, defendant's vehicle reached speeds between 80 and 100 miles per hour, and traveled in the opposite direction of traffic with his lights off. Officers eventually deployed immobilizing tactics, including ramming defendant's car, to stop and detain him.

Defendant was arrested and charged with fleeing a pursuing peace officer's motor vehicle while driving recklessly (Veh. Code, § 2800.2, subd. (a), count 1),[2] resisting, delaying, or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1), count 2), driving when the driving privilege was suspended or revoked for a prior driving under the influence conviction (§ 14601.2, subd. (a), count 3), and fleeing a pursuing police officer's motor vehicle and driving against traffic (§ 2800.4, count 4).

Defendant pleaded no contest to count 1 in exchange for dismissal of the remaining charges with a *Harvey*[3] waiver. The parties stipulated to the probation report as the factual basis for the plea. Under the terms of the plea agreement, the matter of probation and sentencing was left to the trial court's discretion. The trial court granted the People's motion to dismiss counts 2, 3, and 4.

The trial court sentenced defendant to the midterm of two years in state prison. The court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $300 post release community supervision revocation restitution fine, which was suspended unless

_____

[2] Undesignated statutory references are to the Vehicle Code.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

supervision was revoked (Pen. Code, § 1202.45), a $40 court operations assessment (Pen. Code, § 1465.8), a $30 court facilities assessment (Gov. Code, § 70373), and a $4 emergency medical air transportation fee  (Gov. Code, § 76000.10, subd. (c)(1).) Defendant was awarded 85 actual days and 84 conduct days of presentence credit, totaling 169 days.  Defendant did not request or obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/S/
_____

MAURO, J.

We concur:


/S/
_____

BLEASE, Acting P. J.


/S/
_____

RENNER, J.

3